UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEJAUNE ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS MORRIS and KIMBERLY HATCHER,<br><br>    Defendants. | CAUSE NO. 3:24-CV-949-TLS-AZ |

**OPINION AND ORDER**

Dejaune Anderson, a prisoner without a lawyer, filed a complaint, a motion for leave to proceed in forma pauperis, and a motion for a preliminary injunction. ECF Nos. 1–3. The complaint and the in forma pauperis motion are not ready to be addressed, but the Court can decide the preliminary injunction motion now because it does not present a viable legal or factual basis for relief, and so deciding it now will not affect her future rights.

Anderson is currently at Logansport State Hospital by order of the State criminal court that is trying her for murder and related charges. *See State v. Anderson*, No. 88C01-2210-F1-000833 (Washington Cir. Ct. filed Oct. 14, 2022) (Order of Aug. 1, 2024). In the case before this Court, Anderson is suing Dr. Douglas Morris and Dr. Kimberly Hatchet, two psychiatrists who work at Logansport. ECF No. 1. In the preliminary injunction motion, Anderson asks this Court to order her to be transferred to a different facility, Valley Vista Hospital. She fears that the Defendants, who are responsible for determining whether she has regained competency to stand trial, will retaliate against her for filing a lawsuit against them, continue to find her incompetent, and unnecessarily prolong her commitment to Logansport. She attaches part of the most recent evaluation Dr. Morris conducted on October 31, 2024, which found that she was still not

competent for trial but recommended an additional 90-day stay because he believed she had a substantial probability of regaining competency with further treatment. ECF No. 3-1.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Anderson has not met her burden to show that she is likely to succeed on the merits of a claim that her commitment to Logansport will be extended in retaliation for suing Dr. Morris and Dr. Hatchet. Any contention that either one might retaliate against her is based only on speculation. Anderson provides only Dr. Morris' evaluation in support of her fear that she will face retaliation. But that report does not allow an inference of retaliation. Anderson began this case by signing the complaint on November 18, 2024—*after* Dr. Morris conducted the evaluation on October 31, 2024, and *after* the report was filed with the State court on November 7, 2024. ECF Nos. 1 at 5, 3-1 at 2; *Anderson*, No. 88C01-2210-F1-000833 (Entry of Nov. 7, 2024). Moreover, the preliminary injunction motion does not state whether Dr. Morris is even aware of this lawsuit; he has not been formally notified of this lawsuit and will not be served until this Court screens the complaint as required by 28 U.S.C. § 1915A to determine whether it states a claim for relief. There is no plausible causal connection between the evaluation and the later-filed lawsuit.

Moreover, Anderson's fear that she could be held at Logansport indefinitely based on Dr. Morris' opinion is unfounded. Under Indiana law, if she is not restored to competency for trial within six months of her admission to Logansport, then regular commitment proceedings under Indiana Code 12-26 must be instituted. *See* Ind. Code § 35-36-3-4. During those regular commitment proceedings, Anderson is entitled to a hearing, at which she may be represented by an attorney and can contest any opinion regarding her competency. *See id.* § 12-26-2-5; *A.J. v. Logansport State Hosp.*, 956 N.E.2d 96, 105–06 (Ind. Ct. App. 2011) (describing competency and regular commitment procedures). She has not shown irreparable injury in the absence of a preliminary injunction.

Finally, Anderson's competency to stand trial is an issue in her State criminal trial. Federal courts generally do not interfere with ongoing State criminal proceedings through a lawsuit under 42 U.S.C. § 1983. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). There is no reason to disregard that general rule here.

The Court, therefore, denies the motion for a preliminary injunction. Further, the Court temporarily stays this case pending further developments in State court regarding her competency. *See* Fed. R. Civ. P. 17(c)(2); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997).

## CONCLUSION

For these reasons, the Court DENIES the motion for preliminary injunction [ECF No. 3] and STAYS the case pending further order of the Court.

SO ORDERED on January 10, 2025.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT